DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a conviction for drug trafficking in the Sandusky County Court of Common Pleas. Counsel for appellant has filed a motion to withdraw pursuant to Andersv. California (1967), 386 U.S. 738.
 {¶ 2} On May 19, 2002, four men entered a Fremont gas station. One of the men, later identified as appellant, Damere J. Lockett, approached the clerk and asked if he, "* * * wanted any powder." When the clerk asked what that meant, according to the clerk's later testimony, appellant responded "cocaine." The clerk declined the offer and the four men left. The clerk reported the incident to police who attempted to stop the four a short while later. Three of the four stopped when requested by police. Appellant ran, but was soon stopped by a police dog. On the ground near the place appellant was stopped, police found a plastic bag containing a substance later determined to be cocaine.
 {¶ 3} Appellant was charged in a three-count indictment with 1) possession of cocaine, 2) tampering with evidence, and 3) trafficking in cocaine within one thousand feet of a school.
 {¶ 4} The matter proceeded to a trial before a jury, which deadlocked on the possession and tampering counts. Those charges were eventually dismissed. However, the jury found appellant guilty of trafficking in cocaine. The court sentenced appellant to an 18-month period of incarceration. This appeal followed.
 {¶ 5} On January 29, 2003, appellant's appointed appellate counsel submitted an affidavit and motion to withdraw, pursuant to Anders,
supra. Counsel asserts that after careful review of the record, she was unable to ascertain any valid arguable issues for appeal. In conformity with Anders, counsel submits a brief setting forth potential assignments of error which she has considered and rejected. A copy of this brief and the motion have been submitted to appellant. Appellant has not submitted a brief on his own behalf.
 {¶ 6} Appellate counsel sets forth the following two potential assignments of error:
 {¶ 7} "Potential assignment of error No. 1: Did the trial court err when it overruled defendant's Ohio Criminal Rule 29 motion to dismiss the proceeding at the conclusion of the state's case in chief.
 {¶ 8} "Potential assignment of error No. 2: Is the jury's verdict of defendant's guilt as to trafficking in cocaine against the manifest weight of the evidence."
 I. {¶ 9} In the first potential assignment of error set forth, counsel suggests that the jury's inability to convict appellant of possession of cocaine is inconsistent with its necessary determination that appellant "knowingly" offered to sell cocaine.
 {¶ 10} Appellant's Crim.R. 29 motion is equivalent to a challenge of the sufficiency of the evidence. State v. Freeman, 11th Dist. No. 2001-A-0053, 2002-Ohio-3366. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus.
 {¶ 11} Neither possession of a controlled substance, nor delivery of that substance, nor an understanding of the true nature of the substance is an element of the offense of drug trafficking as defined in R.C. 2925.03(A)(1). State v. Patterson (1982), 69 Ohio St.2d 445, 447. The word "knowingly" in the statute modifies the word "offer," not the words "controlled substance." Id. Accordingly, the fact that the jury in this matter was unable to agree that appellant possessed cocaine is of no consequence as to his offer to sell that substance.
 II. {¶ 12} In the second potential assignment of error set forth by appellant's counsel, she suggests that the jury's verdict might have been against the manifest weight of the evidence. In argument, counsel challenges the credibility of the gas station attendant who testified that appellant offered to sell him cocaine.
 {¶ 13} In considering whether a verdict is against the manifest weight of the evidence, the appellate court acts as the "thirteenth juror." The court must weigh the evidence and consider the credibility of the witnesses. However, only if the appellate court concludes that the jury clearly lost its way in resolving conflicts in evidence or created a manifest miscarriage of justice may the court reverse a conviction and order a new trial. State v. Thompkins, supra, at 387.
 {¶ 14} In the present matter, we find no suggestion of record that the jury lost its way or that its verdict constituted a manifest miscarriage of justice.
 {¶ 15} Accordingly, we find both of counsel's potential assignments of error wholly without merit.
 {¶ 16} On consideration whereof, the court finds that the issues raised in the Anders brief are without merit and wholly frivolous. Counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Lanzinger, J., concur.